**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FAUSTINO SANTABARBARA and LUIS VILLANUEVA, on behalf of themselves and all other similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br><br>A&E GENERAL CONSTRUCTION GROUP INC., A & E GENERAL PAINTING INC., A&E GENERAL CONSTRUCTION CORP., DANIEL MEHMETAJ, AMARILDO CIZMJA a/k/a ALEJANDRO SIGNA, PETRIT UJKAJ, and ERINA GRECA,<br><br>      Defendants. | <u>**COMPLAINT**</u><br><br><br> **FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION** |

Plaintiffs FAUSTINO SANTABARBARA and LUIS VILLANUEVA, on behalf of themselves and all other similarly situated, by and through their attorneys, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiffs FAUSTINO SANTABARBARA and LUIS VILLANUEVA, referred to herein as "Plaintiffs," bring this action against their former employers, Defendants A&E GENERAL CONSTRUCTION GROUP INC., A & E GENERAL PAINTING INC., A&E GENERAL CONSTRUCTION CORP., DANIEL MEHMETAJ, AMARILDO CIZMJA a/k/a ALEJANDRO SIGNA, PETRIT UJKAJ, and ERINA GRECA, collectively referred to herein as "Defendants."

2.     Plaintiffs were employed as full-time non-exempt construction employees of

Defendants subject to the wage and overtime provisions of the Fair Labor

Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et. seq.,* and the

New York Labor Law ("NYLL") and bring this action seeking unpaid wages

under the FLSA and NYLL. Plaintiffs also seek damages due to Defendants'

failure to supply Plaintiffs and the Class Members with notices and wage

statements required by NYLL § 195.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et.*

*seq.,* and 28 U.S.C § 1331.

4.     This Court has jurisdiction over all state law claims brought in this action

pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative

facts and are so related to Plaintiffs' claims under the FLSA that they form part of

the same case or controversy.

5.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because a

substantial part of the events or omissions giving rise to the claims occurred

within this District.

6.     Accordingly, this action properly lies in the Eastern District of New York,

pursuant to 28 U.S.C. 1391.

## THE PARTIES

7.     Plaintiff FAUSTINO SANTABARBARA ("Santabarbara") is a resident of the

State of New York.

8. Plaintiff FAUSTINO SANTABARBARA was employed by the Defendants from in or about summer 2022, until April 17, 2025.

9. Plaintiff LUIS VILLANUEVA ("Villanueva") is a resident of the State of New York.

10. Plaintiff LUIS VILLANUEVA was employed by the Defendants from January 14, 2025, until April 14, 2025.

11. At all times relevant hereto, Plaintiffs were "employees" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

12. Defendant A&E GENERAL CONSTRUCTION GROUP INC ("A&E GCG") is a Domestic Business Corporation with an address for service of process at 16362 87th Street, Howard Beach, NY, 11414.

13. Defendant A & E GENERAL PAINTING INC. ("A&E GPI") is a Domestic Business Corporation with an address for service of process at 284 Cedarhurst Ave, Cedarhurst NY, 11516.

14. Defendant A&E GENERAL CONSTRUCTION CORP ("A&E GCC") is a Domestic Business Corporation with an address for service of process at 78-08 51st Ave, Elmhurst, NY, 11373.

15. Defendants A&E GCG, A&E GPI and A&E GCC all do business as A & E Construction and are collectively referred to herein as "A & E Construction".

16. A & E Construction maintains an office in Queens, a location in Manhattan, and an office in Cedarhurst, New York.

17. Defendants regularly paid Plaintiffs by checks issued from A & E Construction.

18. Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly wore

shirts, sweatshirts and other items with the A & E Construction name and logo on them, as depicted in the below photo:



19.    Defendant DANIEL MEHMETAJ ("Mehmetaj") is the owner and manager of A & E Construction.

20.    Defendant AMARILDO CIZMJA a/k/a ALEJANDRO SIGNA ("Cizmja") is the owner and manager of A & E Construction.

21.    Mehmetaj and Cizmja actively managed A & E Construction, supervised Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, hired and fired many of them, handled their scheduling, distributed their wages to them, inspected their work, disciplined them, and gave out their job assignments.

22.    Defendant ERINA GRECA ("Greca") is listed in the official New York Secretary of State records as the Chief Executive Officer of Defendant A&E GPI.

23.    Defendant PETRIT UJKAJ ("Ujkaj") is listed in the official New York Secretary of State records as the Chief Executive Officer of Defendant A&E GCG.

24.    As Chief Executive Officers - and upon information and belief as owners - of

A&E GCG and A&E GPI, Defendants Greca and Ujkaj have, and at all relevant times had, the power to hire, fire, and control the wages and working conditions of Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

25.    At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

26.    At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

27.    At all times relevant hereto, Defendants employed employees, including Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

28.    At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

29.    Defendants employ numerous construction workers to perform construction work for them in the New York City area, including at jobs in Brooklyn, Queens, Bronx and Manhattan.

30.    Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members are all construction workers employed by Defendants to work on Defendants' various

commercial and residential construction jobs in the New York City area.

31. At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as non-exempt construction workers (hereinafter "Construction Workers").

32. Defendants assigned the Construction Workers to perform various types of construction work, including carpentry, demolition, Sheetrocking, plastering, and painting, among other tasks.

33. Plaintiffs and the Construction Workers are, and at all times relevant hereto were, non-exempt employees under the FLSA and the NYLL.

34. Plaintiffs and the Construction Workers are, and at all times relevant hereto were, entitled to be paid overtime under the FLSA and the NYLL.

*Hours of Work*

35. Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work at least five days per week, Monday through Friday.

36. On Mondays through Fridays, Defendants regularly scheduled Plaintiffs to work for nine hours per day, often from 8:00 AM until between 5:00 PM.

37. Though Plaintiffs were scheduled to have 30 to 40-minute lunch breaks, those breaks were interrupted about two or three times a week so the Plaintiffs could work.

38. On many occasions – two or three times a month or more - Defendants also had Plaintiff Santabarbara, and some of the other FLSA Collective Plaintiffs and Class

Members, work Saturdays, also from 8:00 AM to 5:00 PM.[1]  On those occasions, they worked six days a week.

39.     Further, at the end of their workdays, Defendants sometimes – about one to two times a week - required Plaintiffs, and some of the other FLSA Collective Plaintiffs and Class Members, to stay and work late, with Santabarbara often working until 7:00 or 8:00 PM, or later, and with Villanueva working until 5:30 or 6:00 PM, or later.

40.     Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members thus often worked beyond their scheduled shifts - but they were never paid extra for that post-shift work.

41.     Thus, Plaintiffs – and the FLSA Collective Plaintiffs and the Class Members – often worked 5 to 15 hours of overtime per week, or more.

<u>*Pay*</u>

42.     At all times relevant hereto, Plaintiff Santabarbara was paid $180 per day for his work as a Construction Worker for Defendants.

43.     At all times relevant hereto, Plaintiff Villanueva was paid $180 per day for his work as a Construction Worker for Defendants.

44.     Defendants <u>never</u> paid Plaintiffs, the FLSA Collective Plaintiffs or the Class Members, for their overtime hours during this period, despite them regularly working 5 to 15 hours of overtime per week, or more.

---

[1] Plaintiff Villanueva never worked Saturdays.

45.     Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for the extra time they worked past the end of their scheduled shifts - often due to various emergencies including inspections and/or deadlines.

46.     Thus, Defendants only paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for <u>some</u> – but not all - of the hours they worked for Defendants.

47.     Defendants did not compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for <u>all</u> of the time they worked for Defendants.

48.     Defendants failed to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members <u>any</u> overtime premiums – despite them regularly working overtime hours.

49.     Despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly working more than 40 hours per week, Defendants did not compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rate of one and one-half times their regular hourly rate of pay for the hours they worked in excess of forty (40) hours per week.

*Records & Notice Violations*

50.     Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

51.     Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

52.     Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

53. Defendants' wage statement and notice violations prevented Plaintiffs and the Class Members from realizing that they should have been paid, and were entitled to being paid, for all hours worked <u>and</u> overtime premiums. Had they received the required wage statement and notices, they would have realized that they were not being paid for all hours worked and overtime premiums.

54. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

55. Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

56. As a result of Defendants' failure to record, credit, and/or compensate Plaintiffs and the Collective Action Members for the full amount of the hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. Defendants' record keeping and notice violations prevented Plaintiffs, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

58. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid

overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

59.    Defendants committed the foregoing acts in an effort to suppress their labor costs, and did so knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

60.    Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as a Construction Worker during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

61.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek.  The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

62.    Other Construction Workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other

Construction Workers to receive notice of the action and allow them to opt in to such an action if they so choose.

63.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NYLL

64.     Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendants as Construction Workers at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period").  All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

65.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

66.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties

and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least two hundred members of the Class.

67.  Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all hours worked <u>and</u> for all overtime hours worked as required by the NYLL and 12 NYCRR § 142-2.2, and in that Defendants failed to provide them with proper notices and wage statements as required by NYLL §195.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

68.  As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

69.  Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs have retained David Harrison, Esq. of Harrison, Harrison & Associates, a competent and experienced employment litigator.

70.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71.    Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect

retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

72. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to adequately compensate the Class Members for all hours worked <u>and</u> for all overtime hours worked as required by the NYLL and 12 NYCRR § 142-2.2, (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with the detailed wage statements required by NYLL § 195(3).

73. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## <u>FIRST CLAIM FOR RELIEF</u>

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

74. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

75. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

76.    At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

77.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

78.    Attached as Exhibit A are Plaintiffs' consent to sue forms.

79.    Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should apply.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

80.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

81.    It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

82.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

83.    Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all hours worked.

84. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

85. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

86. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

87. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

88. Defendants have willfully failed to supply Plaintiffs and the Class Members with notices as required by NYLL § 195, in English or in the languages identified by Plaintiffs and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's

main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89.    Defendants have willfully failed to supply Plaintiffs and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

90.    Defendants' violation of NYLL § 195(1) and (3) resulted in Plaintiffs not knowing (i) that they were entitled to overtime premiums and (ii) how many hours they were being compensated for – and resulted in the damages described herein.

91.    Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the members of the Class statutory damages as specified by NYLL § 198.

92.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover statutory damages as provided for by NYLL § 198(1)-d, and NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a)     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Certification of this action as a class action;

(c)     Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d)     An award of damages, according to proof, including FLSA and NYLL liquidated damages, statutory damages, and interest, to be paid by Defendants;

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)     Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: May 27, 2025

                              Respectfully submitted,

                              HARRISON, HARRISON & ASSOCIATES

                              __/S/ DAVID HARRISON_____

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiffs, Proposed Collective Action*
*Plaintiffs and Proposed Class Members*

# Exhibit "A"

Soy una empleada actual o anterior de A & E GENERAL PAINTING INC. y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en  situación similar.

Firmado este _____ dia de ___05/05/25___

_____
Firma

Faustino SantaBarBara.

Nombre legal completo (deletreado)

Soy una empleada actual o anterior de <u>A & E GENERAL PAINTING INC.</u> y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en  situación similar.

May 5, 2025

Firmado este _____ dia de _____.

Luis Villanueva (May 5, 2025 17:48 EDT)

_____

Firma

Luis Villanueva
_____

Nombre legal completo (deletreado)